UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

PATRICK DANIELS,

                                 Plaintiff,

          -against-

CITY OF NEW YORK, MARIBEL FUERTES, Individually,
KELVIN OZUNA, Individually, GARY BUCKNELL, Individually,
JAVIER VALENTIN, Individually, VANESSA MERCADO,
Individually, and JOHN and JANE DOE 1 through 10, Individually
(the names John and Jane Doe being fictitious, as the true names are
presently unknown),

                                 Defendants.

--------------------------------------------------------------------------------X

**AMENDED**
**COMPLAINT**

14 CV 0748 (HB)

<u>Jury Trial Demanded</u>

       Plaintiff PATRICK DANIELS, by his attorneys, Leventhal & Klein, LLP, complaining

of the defendants, respectfully alleges as follows:

## **Preliminary Statement**

       1.      Plaintiff bring this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said

rights are secured by said statutes and the Constitution of the United States.  Plaintiff also asserts

supplemental state law claims.

## **JURISDICTION**

       2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

       3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff PATRICK DANIELS is a forty-two year old African American man residing in Bronx, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants MARIBEL FUERTES, KELVIN OZUNA, GARY BUCKNELL, JAVIER VALENTIN, VANESSA MERCADO, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the

2

official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## **FACTS**

12.     On May 6, 2011 at approximately 1:00 a.m., plaintiff was lawfully in the vicinity of the Thruway Bar & Lounge, located at 2195 New England Thruway, Bronx, NY 10475.

13.     At the aforementioned location, plaintiff engaged two females, whom he did not realize were undercover NYPD police officers, VANESSA MERCADO and MARIBEL FUERTES, in conversation.  Plaintiff did not solicit the women for paid sex or otherwise engage in any illegal conduct at said location.  Plaintiff's conversation with officers MERCADO and FUERTES was monitored by, upon information and belief, officers GARY BUCKNELL and JOHN DOE 1.

14.     Despite the fact that defendants MERCADO, FUERTES, BUCKNELL and JOHN DOE 1 knew that plaintiff had not committed a crime, defendants BUCKNELL and JOHN DOE 1 approached plaintiff to place him under arrest.

15.     During his arrest, plaintiff was unlawfully struck in the head and body by defendant police officers believed to be GARY BUCKNELL and/or JOHN DOE 1.

16.     While plaintiff was being assaulted, defendants JAVIER VALENTIN and KELVIN OZUNA approached, assisted in falsely arresting plaintiff, and otherwise failed to intervene, at which time plaintiff was placed in handcuffs.

17.     As a result of the defendants' actions, plaintiff sustained physical injuries.

18.     The defendant officers imprisoned plaintiff in a police vehicle, transported plaintiff to a NYPD precinct, and imprisoned him therein.

19.     The defendant officers caused plaintiff to be imprisoned until May 7, 2011, when plaintiff was arraigned in Bronx County Supreme Court – Criminal Term, on baseless charges filed under docket number 2011BX025737; said charges having been filed based on false allegations of defendants FUERTES and OZUNA.

20.     The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: for professional advancement, overtime compensation, and/or to avoid discipline for the above mentioned acts of brutality and abuse of authority.

21.     Defendant police officers FUERTES and OZUNA created and manufactured false evidence against plaintiff and used same against him in said legal proceeding.  Specifically, the defendant officers swore to false allegations which formed the basis of the criminal charges filed against plaintiff and that were presented to a judge during a bench trial.

22.     As a result of the false statements of the defendants, plaintiff was compelled to return to court on numerous occasions, until November 8, 2012, when all the purported charges filed against plaintiff by the defendants were dismissed and sealed via plaintiff's acquittal after trial.

23.     Defendants FUERTES, OZUNA, BUCKNELL, VALENTIN, MERCADO, and JOHN DOE 1 through 10 either directly participated or were present during the arrest, and aware

4

that plaintiff had not committed any crimes or offenses, or engaged in conduct which justified the aforementioned use of force, but failed to intervene despite a meaningful opportunity to do so.

24.     Defendant VALENTIN, who held the supervisory rank of lieutenant, supervised defendants FUERTES, OZUNA, BUCKNELL, MERCADO, and JOHN DOE 1, and approved of, oversaw, and otherwise participated in the arrest and prosecution of the plaintiff.

25.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, a practice of falsification, the inadequate screening, hiring, retaining, training, and supervising of its employees, and pursuant to a custom or practice of falsification.

26.     The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, use excessive force, arrest individuals without probable cause, and engage in a practice of falsification to cover up their misconduct.

27.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

28.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice,

5

defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

29.     As a result of the foregoing, plaintiff PATRICK DANIELS sustained, *inter alia*, physical injuries, emotional distress, embarrassment, humiliation, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

30.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "29" with the same force and effect as if fully set forth herein.

31.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

32.     All of the aforementioned acts deprived plaintiff PATRICK DANIELS of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

33.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

34.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

6

35.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

36.     As a result of the foregoing, plaintiff PATRICK DANIELS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

37.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38.     Defendants arrested plaintiff PATRICK DANIELS without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

39.     Defendants caused plaintiff PATRICK DANIELS to be falsely arrested and unlawfully imprisoned.

40.     As a result of the foregoing, plaintiff PATRICK DANIELS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

41.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

7

paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42.    The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff PATRICK DANIELS' constitutional rights.

43.    As a result of the aforementioned conduct of defendants, plaintiff PATRICK DANIELS was subjected to excessive force and sustained serious physical injuries and emotional distress.

44.    As a result of the foregoing, plaintiff PATRICK DANIELS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

45.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46.    Defendants initiated, commenced and continued a malicious prosecution against plaintiff PATRICK DANIELS.

47.    Defendants caused plaintiff PATRICK DANIELS to be prosecuted without any probable cause until the charges were dismissed on or about November 8, 2012.

48.    As a result of the foregoing, plaintiff PATRICK DANIELS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

8

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Violation of Right to Fair Trial under 42 U.S.C. § 1983)

49.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50.     Defendants created false evidence against plaintiff PATRICK DANIELS.

51.     Defendants utilized this false evidence against plaintiff PATRICK DANIELS in legal proceedings.

52.     As a result of defendants' creation and use of false evidence, plaintiff PATRICK DANIELS suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

53.     As a result of the foregoing, plaintiff PATRICK DANIELS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Malicious Abuse of Process under 42 U.S.C. § 1983)

54.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55.     Defendants issued criminal process against plaintiff PATRICK DANIELS by causing his arrest and prosecution in Bronx Supreme Court – Criminal Term.

56.     Defendants caused plaintiff PATRICK DANIELS to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: for professional advancement, overtime compensation, and/or to avoid discipline for the above

9

mentioned acts of brutality and abuse of authority, and thereby violated plaintiff's right to be free from malicious abuse of process.

57.    As a result of the foregoing, plaintiff PATRICK DANIELS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

58.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59.    Defendants had an affirmative duty to intervene on behalf of plaintiff PATRICK DANIELS, whose constitutional rights were being violated in their presence by other officers.

60.    The defendants failed to intervene to prevent the unlawful conduct described herein.

61.    As a result of the foregoing, plaintiff PATRICK DANIELS' liberty was restricted for an extended period of time, he was put in fear of his safety, he was assaulted and battered, and he was humiliated and subjected to handcuffing and other physical restraints.

62.    As a result of the foregoing, plaintiff PATRICK DANIELS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

63.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

65.     As a result of the foregoing, plaintiff PATRICK DANIELS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

66.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

68.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, subjecting citizens to excessive force, arresting citizens without probable cause, and committing perjury and/or manufacturing evidence and/or engaging in falsification. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and

supervising its employees that was the moving force behind the violation of plaintiff PATRICK DANIELS' rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

69.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff PATRICK DANIELS.

70.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff PATRICK DANIELS alleged herein.

71.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff PATRICK DANIELS as alleged herein.

72.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff PATRICK DANIELS was unlawfully arrested and maliciously prosecuted.

73.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff PATRICK DANIELS' constitutional rights.

74.     All of the foregoing acts by defendants deprived plaintiff PATRICK DANIELS of federally protected rights, including, but not limited to, the right:

A.     Not to be deprived of liberty without due process of law;

B.     To be free from false arrest/unlawful imprisonment;

C.     To be free from the failure to intervene;

D.     To be free from malicious prosecution;

E.     To be free from deprivation of his right to fair trial;

F.     To be free from malicious abuse of process; and

G.     To be free from the excessive use of force.

75.     As a result of the foregoing, plaintiff PATRICK DANIELS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

76.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

78.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

79.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

80.    This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A TENTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York)

81.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

82.    Defendants initiated, commenced and continued a malicious prosecution against plaintiff PATRICK DANIELS.

83.    Defendants caused plaintiff PATRICK DANIELS to be prosecuted without probable cause until the charges were dismissed on or about November 8, 2012.

84.    As a result of the foregoing, plaintiff PATRICK DANIELS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

85.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

87.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

88.    The aforementioned conduct was committed by defendants while acting in

14

furtherance of their employment by defendant CITY OF NEW YORK.

89.     The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff PATRICK DANIELS.

90.     As a result of the aforementioned conduct, plaintiff PATRICK DANIELS suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

91.     As a result of the foregoing, plaintiff PATRICK DANIELS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

92.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "91" with the same force and effect as if fully set forth herein.

93.     Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the malicious prosecution of plaintiff PATRICK DANIELS.

94.     Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

95.     As a result of the foregoing, plaintiff PATRICK DANIELS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

96.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "95" with the same force and effect as if fully set forth herein.

97.     Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the malicious prosecution of plaintiff PATRICK DANIELS.

98.     As a result of the foregoing, plaintiff PATRICK DANIELS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

99.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "98" with the same force and effect as if fully set forth herein.

100.    Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

101.    As a result of the foregoing, plaintiff PATRICK DANIELS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

16

attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

102.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "101" with the same force and effect as if fully set forth herein.

103.   Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

104.   As a result of the foregoing, plaintiff PATRICK DANIELS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §12)

105.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "104" with the same force and effect as if fully set forth herein.

106.   As a result of defendants' conduct, plaintiff was deprived of his right to security against unreasonable searches, seizures, and interceptions.

107.   As a result of the foregoing, plaintiff PATRICK DANIELS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff PATRICK DANIELS demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       May 5, 2014

                         LEVENTHAL & KLEIN, LLP
                         Attorneys for Plaintiff PATRICK DANIELS
                         45 Main Street, Suite 230
                         Brooklyn, New York 11201
                         (718) 722-4100

                         By: _____
                              BRETT H. KLEIN (BK4744)

18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

PATRICK DANIELS,

                                        Plaintiff,

                                                                          14 CV 0748 (HB)

          -against-

CITY OF NEW YORK, MARIBEL FUERTES, Individually,
KELVIN OZUNA, Individually, GARY BUCKNELL, Individually,
JAVIER VALENTIN, Individually, VANESSA MERCADO,
Individually, and JOHN and JANE DOE 1 through 10, Individually
(the names John and Jane Doe being fictitious, as the true names are
presently unknown),

                                        Defendants.

-------------------------------------------------------------------------------X

**AMENDED COMPLAINT**

**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100